Enochs v. Delta Cotton Oil Co.*

(Division B.    May 11, 1925.)

[104 So. 92.    No. 24936.]

1. Compromise and Settlement. *Acceptance of check sent in payment of accompanying account full settlement.*

Defendant, on request of plaintiff for statement of account, having sent one showing a certain balance due as commissions, and with it a check for such amount, stating that it was in payment of the account, plaintiff's acceptance of the check, he signing indorsement thereon, "To balance account . . . accepted by payee in

full payment of the within account," was a full settlement of such account, barring claim that check was accepted as part payment only.

2. APPEAL AND ERROR. *Settlement available as defense where there was no objection to evidence and full payment was pleaded.*
Though no plea of accord and satisfaction was filed, where there was a plea of "payment in full," and no objection was made to introduction of evidence that check was tendered by defendant in full settlement, the settlement was available as defense.

3. COMPROMISE AND SETTLEMENT. *Acceptance of check in settlement of account not a bar to a claim for matter of different nature.*
Plaintiff's acceptance of check in settlement of account, which was sent by defendant, and was confined to amount due plaintiff on shipments sent on commission, was not a bar to his claim for damages for refusal of defendant to take certain seed bought for it by him, a matter not in the contemplation of the parties at the time of the settlement.

---

*Headnotes 1. Compromise and Settlement, 12 C. J., Section 11; 2. Appeal and Error, 3 C. J., Section 720; 3. Compromise and Settlement, 12 C. J., Sections 11, 36.

APPEAL from circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Action by T. A. Enochs against the Delta Cotton Oil Company. Judgment for defendant, and plaintiff appeals. Affirmed in part, and reversed and remanded in part.

*J. A. Teat,* for appellant.

We call the court's especial attention to the plea of the defendant which the lower court sustained in granting the peremptory instruction for the defendant. This plea or notice avers "after all of the things complained of in plaintiff's declaration had occurred, the defendant sent to plaintiff a check to balance the account between the plaintiff and defendant as payment in full on said account, that said plaintiff accepted said check and thereby is estoppd from demanding more from said defendant at this date." The court held that Mr. Enochs, with the

knowledge that he had is estopped to come in at that time and say that he had some other item on the account that was not included. So the motion will be sustained. The single question therefore for the court to consider, is whether or not the lower court was correct in its construction of the law of estoppel.

## I.

PLEADINGS: 21 R. C. L. 464, section 31 and cases cited. Construction against pleader.

## II.

ESTOPPEL: The estoppel relied upon by the defendant is an estoppel *in pais.* There can be no confusion here about the plea of the defendant. It is not the plea of payment; it is not the plea of accord and satisfaction, but it is the plea of estoppel. There are no presumptions in favor of the defendant. The defendant is not allowed the benefit of any ambiguity in his plea and the selection of a construction favorable to itself. The defendant in the court below relied upon the question of estoppel on the ground that the plaintiff accepted certain benefits, to-wit: a check, and this issue was the sole issue determined by the trial court. Consequently it is the only issue that can be determined by this court on appeal.

We, therefore, shall present our authorities upon the point. 21 C. J. 1206, section 207.—Acceptance of Benefits. (a) Statement of Rule. Section 208—(b) Elements, Extent and Limits of Rule—We now invite the court to look at the voucher itself. On the back of it was printed in fine type, ''This check is hereby accepted by payee in full payment of the within account.''

The word ''within'' meant the account referred to in the voucher. We call the attention of the court to the use of the word ''within'' printed on the check, so as to draw a distinction and prevent a confusion with the words, ''inclosed account.'' There was an account inclosed in the same envelope. It was the contention of

the defendant in the court below that these words meant the same thing as "account herewith inclosed," or "account inclosed herein," or "the inclosed account."

It is our contention that the language "within account" can only mean and does only mean the account stated in the voucher itself. If the endorsement is to be a receipt for the account or an account received, it would necessarily imply that it was an account stated on that instrument. Certainly it cannot be that it would refer to other and different instruments, without some designation other than the sole words, "within account." The words "within account," if it referred to papers inclosed, would certainly be too indefinite and uncertain to be binding upon the endorsee of the check. 21 C. J. 1117, section 120.

Manifestly great injustice arises to this plaintiff by holding that the voucher in question constituted an estoppel of his causes of action set forth in counts one and two of his declaration. The law says that estoppel should be applied with great care in each case, otherwise there would be great danger of estoppel of this character being regarded as "odious."

The application of estoppel upon the facts in this case is certainly "odious" if not iniquitous. It would permit the defendant to cancel the debt and under these circumstances that amounts to fraud, confiscation and manifest injustice. The defendant has not met the burden of proof laid down as above. It is an improper and strained construction to say that the words "within account" embraced the inclosed account in the envelope in which the check was carried. All of the facts and circumstances in the record go to contradict the interpretation given to it by the defendant and sanctioned by the trial court. 21 C. J. 1250, section 269.

## III.

We call the court's especial attention to the fact that the itemized account made out by the defendant and inclosed in his letter with voucher, does not even remotely

relate to any of the items sued upon in the second count of the said declaration. Now, construing the voucher as being the payment of the account therewith inclosed with the letter, which of course, is a matter of mere speculation, then the voucher does not cover all of the items in the first count nor in the second count.

Indeed the undisputed evidence shows that no demand had been made by the plaintiff for the payment of the items contained in the second count of the declaration. The defendant did not know that it was being charged up with these items, contained in the second count. Now, just how it is possible for this voucher to have covered a cause of action unknown to the defendant, we are at a loss to say.

The lower court was in error because he lost sight of the letter standing at variance with the printed stipulation on the back of the voucher. Again, the court was in error as to the application of the doctrine of estoppel. It seems that this error consisted in assuming that the plaintiff could not collect any money or could not have cashed the voucher except that it was upon condition that it was in full of all demands which the plaintiff held against the defendant; those that were known to the defendant and also those demands contained in the second count of the declaration that were unknown to the defendant. We think that this position cannot be maintained. There is nothing in the voucher and nothing in the letter accompanying it that would warrant this view of the case.

*Green, Green & Potter,* for appellee.

## I.

Plaintiff Cannot Recover, Because of a Fatal Variance Between the Declaration and the Proof. Plaintiff seeks to recover for a cause of action that grew out of the relation between principal and broker, while the proof shows that any relation existing at all between

plaintiff and defendant, was that of buyer and seller. The duties and obligations growing out of the one are entirely different from those growing out of the other, and the defendant was, of course, entitled to have been fully advised of exactly what it was called upon to defend, and when plaintiff alleges that he was a broker buying for the defendant upon an agreed commission the plaintiff was entitled to have the case tried in the court below on that theory. We therefore submit that the peremptory instruction should have been given.

## II.

This action cannot be maintained for the reason that, on April 17, 1924, there was an account and satisfaction had between the parties hereto, which completely bars any further action between these parties.

The cause of action that plaintiff sues on arose during the months of September and October, 1923. In his Exhibit "A" plaintiff sues for the difference between the prices at which he sold to the Delta Cotton Oil Company, and the price at which he was able to buy. Some thirty different items appear therein. While in Exhibit "B," he sues for six cars of seed which he claims to have sold to the Delta Cotton Oil Company and which they refused to take whereby he was forced to sell same at a loss.

At a time when all liability had become fixed, and in response to an inquiry by plaintiff, defendant made up a statement of account between plaintiff and defendant, inclosing with statement a check for one hundred eighty-four dollars and eighty-eight cents and tendered this check to plaintiff upon condition that if it was accepted, it would be payment in full of the account between plaintiff and defendant, same constituted an accord and satisfaction between the parties. 1 C. J. 557 *et seq.*; *Coates* v. *Bacon,* 77 Miss. 324. Counsel overlooks *Allen* v. *Exchange,* 86 So. 398. See *Germania Life* v. *Bouldin,* 56 So. 613; *Insurance Company* v. *Odom,* 56 So. 379.

Therefore, when counsel says that the minds of the parties did not meet, and there could be therefore, no

accord and satisfaction, he misreads the law, because where one party has the power to read signs but through negligence, does not, he is bound by that which is written, irrespective of what his intent may have been. At the top of page 26 it is reiterated, "The plaintiff stated that he did not notice the provisions on the back of the voucher stipulating the payment in full of the account, and endorsed the same without noticing such." Now, this admission cannot be gainsaid, and, therefore, having signed a written instrument releasing all liability, did his negligence in not reading keep him from being responsible? Most assuredly it did not.

Gowdy called upon Enochs for an account, tendered Enochs his account, and when Enochs accepted Gowdy's account as the account, then Enochs could not thereafter complain. *Darrill* v. *Dodds,* 78 Miss. 915; *Cooper* v. *R. R. Co.,* 35 So. 163. In this case, Gowdy conditioned the acceptance as in full of the account. If Enochs had other items in his agency account which he intended to propound to Gowdy for allowance, it was his duty, as such agent, to forthwith set them out.

If ever any one should be estopped, it is Enochs in this case. No one can be negligent, and charge his negligence to another party. Here he could have refused, and should have refused, to accept this voucher, and refusing to accept it, have litigated with Gowdy as to what was justly due. Then Gowdy would have been in possession of his money and the defendant, with deference, could not have recovered anything because, substantially, the entire transaction was in violation of the laws of the state of Mississippi to such an extent as to preclude recovery.

In this case the sole complaint is that Enochs did not read; he should have read, not having read, he is bound precisely as if he had read.

Furthermore, all is within one account, just as held by the court. The interrelation in its entirety was submitted by Gowdy; his omission of these cars shows that they were completely charged off, and that no claim can be

made by him against Gowdy by reason of not receiving it, but that every item, backward and forward, whereunder Gowdy was due a penny, or Enochs was due a penny was set down and covered, Enochs did not disclose this claim, and not having disclosed it, when he received Gowdy's check, he saw fit to cash that check when its cashing was conditioned that it be accepted in full of his account.

An account does not mean a part of an account, but the whole of it, and meaning the whole of it, of necessity, it is demonstrably thereby an end of this case.

Argued orally by *J. A. Teat* for appellant, and *Garner W. Green,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, T. A. Enochs, sued the appellee Cotton Oil Company for two thousand sixty-three dollars and ninety-seven cents claimed to be due as commissions and loss of profits on cotton seed purchased by the appellant for the appellee at certain agreed prices and some of which seed appellee refused to take and pay appellant therefor. The appellant was located at Monroe, La., and the appellee at Jackson, Miss., where it operated a cotton oil plant. The suit was to recover the amount due appellant by appellee on the account and dealings between them which had been running for a long period of time.

The declaration contains two counts. The first count is to recover three hundred six dollars and thirty-six cents as commissions on seed purchased by Enochs for the Cotton Oil Company and shipped to it. There are many items on this account which ran from September 26, 1923, to October 11, 1923.

The second count of the declaration is to recover one thousand seven hundred fifty-seven dollars and sixty-three cents claimed to be due by the Cotton Oil Company to Enochs on account of loss sustained by Enochs in the

sale of different lots of cotton seed that he had purchased for the Cotton Oil Company and which it refused to accept as it had agreed to do, necessitating the sale of the seed at a less price than that agreed to be paid by the Cotton Oil Company to Enochs. There are several items in this claim which total the amount sued for in this count.

Upon the conclusion of the testimony for the plaintiff below the court sustained the motion to exclude and for a peremptory instruction for the defendant, from which action this appeal is taken.

The question for our decision is whether or not the court erred in granting the peremptory instruction for the defendant upon the ground that the appellant was estopped from recovery on both counts because of payment, or accord and satisfaction; the lower court putting its decision upon that sole ground.

The record discloses that, after the dealings between appellant and appellee had ended, the appellant desired a settlement with appellee, and on March 26, 1924, wrote the following letter to appellee:

"Monroe, La., March 26, 1924.

"Mr. W. B. Gowdey, Gowdey, Miss.—Dear Sir: Last week I wrote you to mail me a statement of my account with your mill, and so far no statement. This second request I would thank you to let me have this at your earliest convenience.

"Yours very truly,

T. A. ENOCHS."

In answer to this letter the appellee, Cotton Oil Company, on April 17, 1924, wrote Mr. Enochs the following letter.

"April 17, 1924.

"Mr. T. A. Enochs, Monroe, La.—Dear Sir: We inclose herein statement of your account and our check for one hundred eighty-four dollars and eighty-eight cents in payment of same.

"If there are any more seed for sale in your territory from nonquarantined territory, we would be glad if you would put them up to us.

"We will be in operation three or four weeks longer.
    "Yours very truly,
                        "Delta Cotton Oil Co.,
                        "Per ———, Manager."
    The appellant received the check of one hundred eighty-
four dollars and eighty-eight cents sent him in the letter;
accepted and cashed it.  The check so sent and accepted
is in the following form, to-wit:
"No. 1224.                    Gowdy, Miss., April 17, 1924.
    "Pay to the order of T. A. Enochs one hundred eighty-
four and 88/100 dollars ($188.88).
                        "Delta Cotton Oil Co.,
                        By H. L. Matthews, Cashier.
    "Countersigned: W. B. Gowdy, Manager."
                        Indorsement:
    "To balance account, $184.88.
    "Make all indorsements below.
    "This check is hereby accepted by payee in full pay-
ment of the within account.
                        T. A. Enochs."
    The account inclosed in the letter with the check for
one hundred eighty-four dollars and eighty-eight cents
is a lengthy itemized statement of the account between
the parties from September 26, 1923, to October 11, 1923,
for commissions on seed purchased and delivered to ap-
pellee and purports to be a full statement of the ac-
count between the parties as to these commissions
and shows a balance of one hundred eighty-four dollars
and eighty-eight cents due by appellee to appellant.
    It will be observed from the above that Mr. Enochs,
the appellant, requested a statement of his account from
the appellee, Cotton Oil Company, and it complied with
his request by furnishing him an itemized statement of
the account, which showed a balance due by appellee to
appellant of one hundred eighty-four dollars and eighty-
eight cents.  The letter inclosing the statement of account
also informed Mr. Enochs that a check was inclosed "for
one hundred eighty-four dollars and eighty-eight cents

in payment of same." Mr. Enochs accepted the check, which was indorsed:

"To balance account, one hundred eighty-four dollars and eighty-eight cents. This check is hereby accepted by payee in full payment of the within account.

"[Signed] T. A. ENOCHS."

We think the acceptance of the check by the appellant was a full settlement of the account between the parties for commissions on shipments of seed, as sued for in the first count of the declaration. It is clear to us the appellee, Cotton Oil Company, tendered the check in full settlement of the account inclosed in the letter with it, and the appellant, Enochs, accepted the check knowing that it was tendered in full settlement of that account, and he cannot now be heard to say that he accepted it as part payment of the claim against the appellee for these commissions.

The appellant points out that there was no plea of accord and satisfaction filed in the case, and that therefore accord and satisfaction cannot be urged to defeat recovery. There was a plea of "payment in full," and we find no objection to the introduction of the testimony going to show the check for one hundred eighty-four dollars and eighty-eight cents was tendered by appellee to appellant in full settlement of the stated account between them. Therefore we think the acceptance of the check for one hundred eighty-four dollars and eighty-eight cents by the appellant, Enochs, was a full settlement of the account sued for in the first count of the declaration and which was the stated account inclosed in the letter with the check sent by the Cotton Oil Company to appellant, Enochs, and bars recovery on that count.

But it is our opinion the court erred in directing a verdict for the defendant on the second count of the declaration, because the amount claimed in that count was for dealings and transactions different from the items of the first count in the declaration, was not sued for in the first count, and was not stated or included in the statement of account sent by the Cotton Oil Company to ap-

pellant in the letter with the check for one hundred eighty-four dollars and eighty-eight cents, which appellant accepted "in payment of same," and as written on the check, "This check is hereby accepted by payee in full payment of the within account."

The check for one hundred eighty-four dollars and eighty-eight cents was sent and accepted to cover payment only of the stated account inclosed with it; it was not tendered and accepted in settlement of the amounts claimed in the second count of the declaration. The Cotton Oil Company did not then know of these latter claims; did not have them in mind when it tendered the check for one hundred eighty-four dollars and eighty-eight cents to cover the claims mentioned in the first count of the declaration. So when the check was accepted by Enochs it was not intended by him, nor by the Cotton Oil Company, that it should be received in settlement of any claim or account except the stated account inclosed with it in the letter, which inclosed account is practically the same one set up in the first count of the declaration in this case.

Accepting the check for one hundred eighty-four dollars and eighty-eight cents to cover the account inclosed with it did not estop appellant, Enochs, from recovering on the claims mentioned in the second count of the declaration, because the claims are different and were not in the minds of the parties at the time. Appellee was not misled to its disadvantage. For the same reasons there was no accord and satisfaction or payment of the claim set up in the second count of the declaration.

We think the action of the court in directing a verdict against the first count of the declaration was proper, and is affirmed, but it was error to grant the peremptory instruction on the second count, and as to the last count the judgment of the lower court is reversed and the case remanded.

*Affirmed in part and reversed and remanded in part.*