Domick v. Brookhaven Box Co.*

(Division B. Feb. 4, 1929.)

[120 So. 193. No. 27658.]

*Corpus Juris-Cyc References: No annotations.

*A. A. Cohn* and *R. Du Pont Thompson,* for appellant.

*P. Z.* and *R. L. Jones,* for appellee.

ETHRIDGE, P. J. The appellant sued the appellee for two hundred twenty-five dollars and sixty-three cents, interest due upon certain notes given the appellant for deferred payments .in a contract of purchase by the Brookhaven Box Company of certain machinery.

Appellee, defendant in the court below, pleaded the general issue, and gave notice under the same that it would prove during the summer of 1924 that the defendant was having its books and accounts inspected and examined with a view of interesting new capital in its business, and communicated with the plaintiff, appellant here, asking for a statement of the amount due and owing by the defendant to the plaintiff; that the plaintiff rendered a statement to the defendant, and the defendant then made an agreement with the plaintiff to liquidate the balance due and owing in weekly payments, and sent to the plaintiff from time to time on the first of each and every month payment upon the said note; that, under date of November 1, 1924, the plaintiff sent to the defendant a statement showing a balance of one hundred thirty-two dollars and nine cents due, and on the 30th day of November, 1924, defendant drew a check in favor of the plaintiff for one hundred thirty-two dollars and nine cents, and mailed it with a letter reading as follows:

''Enclosed herewith find check for one hundred thirty-two dollars and nine cents balance due on our account

with you as per statement of November 1st. Thanking you for your kind indulgence in this matter, we are,

"Yours very truly,

"Brookhaven Box Company,

"By ————— President."

That this check was sent in full settlement of the debt due and owing to the plaintiff, and was accepted by the plaintiff; and that, therefore, the account was paid in full.

On the trial the parties agreed to waive a jury and try the case before the circuit judge on an agreed statement of facts in which it· was agreed that the plaintiff and defendant executed the contract, a copy of which is filed as an exhibit to the declaration, dated September 14, 1922, which agreed facts read as follows:

"And it is hereby agreed that the plaintiff and the defendant executed a contract, copy of which is filed as an exhibit to this declaration, dated September 14, 1922, and that the defendant executed the notes, copies of which are filed herewith and made a part of this declaration, and bearing date, February 26, 1923.

"The amount claimed by the plaintiff is a balance due and owing by the defendant of two hundred and twenty-five and sixty-three one-hundredths dollars as shown by the itemized statement filed with the petition, and that if the plaintiff is entitled to recover there is a small amount of additional interest to be added.

"It is agreed that the Brookhaven Box Company is a corporation, and that it was a corporation on the date of the execution of the contract, and the notes sued upon, but that since the execution of the said contract and notes, there was a change in the management of the corporation, the then manager and stockholder selling ·his interest to another party.

"That at the time negotiations were going on about this sale and transfer, the proposed purchaser of stock in the corporation desired to know its debts and credi-

tors, and communications were addressed to the complainant by the defendant asking for a statement of its account with the plaintiff, and a statement was rendered showing what the balance then amounted to and after such statement was rendered the proposed purchaser consummated his deal with the former stockholder, and acquired a large and substantial interest in the business.

"That after his purchase, as aforesaid, the company went under a new management, and application was made for leave to pay the balance on weekly payments.

"That the payments were so made, and statements were rendered by the plaintiff to the defendant from time to time and from month to month, showing the balance, and under date of November 1, 1924, the last statement was received by the defendant from the plaintiff showing a balance of one hundred thirty-two and nine one-hundredths dollars, and on or about the 30th day of November, 1924, the defendant mailed to the plaintiff a check in the sum of one hundred thirty-two and nine-one-hundredths dollars, being the balance shown on the itemized statement rendered by the plaintiff under date of November 1, 1924.

"That with the check for one hundred thirty-two and nine one-hundredths dollars was mailed and transmitted" letter above set out. The circuit judge found for the defendant.

The appellant contends that the finding was error, because the agreed statement of facts did not *bring the case* within the rules set out in the cases of *Enochs* v. *Delta Cotton Oil Co.*, 139 Miss. 234, 104 So. 92; *Greener & Sons* v. *Cain & Sons*, 137 Miss. 33, 101 So. 859; *Cooper* v. *Y. & M. V. R. Co.*, 82 Miss. 634, 35 So. 162; *Clayton* v. *Clark*, 74 Miss. 499, 21 So. 565, 22 So. 189, 37 L. R. A. 771, 60 Am. St. Rep. 521. It will be noted from the agreed statement of facts that, at the time the statement above referred to was called for, the defendant was trying to interest new capital in its business, and that the

manager then in charge of the defendant company made a trade with the present owners by which he sold his stock and retired from the management of the company, and that the new ownership and management bought on the faith of such statement. While it is true that the corporation is the same legal entity that it was before, yet, the management and stock sales being made on the faith of the statement, and the present owners having acted to their prejudice in the said matter, we think that they are entitled to be protected, and the appellant should suffer the loss, if there is any, rather than the defendant's new stockholders and management. It is unnecessary to now decide whether it would have been a complete settlement of the debt had there been no change of situation to the hurt of any one. It is a well-settled principle of law that, where one party has the means of protecting his interest by due diligence, and the other party has not an equal opportunity to protect himself from loss, in such case the loss will fall upon him whose negligence or mistake caused the injury. Under the peculiar facts in this record, we hold that the judgment of the circuit court was correct, and same will accordingly be affirmed.

*Affirmed.*