RUCKER *v.* KING CONST. CO.

(Division A.   Jan. 19, 1931.   Suggestion of Error Overruled Mar. 2, 1931.)

[131 So. 872.   No. 29088.]

**J. W. Bradford**, of Itta Bena, for appellant.

**Wells, Jones, Wells & Lipscomb**, of Jackson, for appellant.

**Kimbrough, Tyson & Kimbrough,** of Greenwood, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The King Construction Company filed its bill against W. H. Rucker in the chancery court of Leflore county

seeking to recover a balance of interest alleged to be due on certain machinery used for mining gravel; also it sought a reformation of the contract as to a date and accounting as to the quantity of gravel mined by Rucker with said machinery.

The applicable part of the lease contract is in these words:

"The terms of said lease shall be until April 15, 1921, and as long thereafter as the party of the second part (W. H. Rucker), his heirs or assigns, may require the same.

"Provided that the party of the second part, his heirs or assigns, may at any time after the said April 15th, 1921, upon their option, relinquish and surrender the said machinery, implements and equipments as above enumerated and terminate this agreement by giving the party of the first part thirty days' notice, after which the party of the first part agrees to remove promptly all said machinery, implements and equipments from the said lands, leaving undisturbed, however, all railway tracks, frogs and switches, subject to the terms of an agreement made between party of the first and party of the second part, and dated December 6th, 1919.

"During the time the party of the second part shall use and retain said machinery, implements and equipments, he shall pay to the party of the first part, four cents per ton for all material he shall load and ship with said machinery, implements and equipments.

"Provided, however, the said payments shall not be less than Four Hundred Dollars ($400) per month, nor more than One Thousand Dollars ($1,000) per month, beginning and dating from July 21st, 1921, settlements to be made on or before the 10th of each month for the tonnage of materials loaded and shipped the previous month."

This contract was dated the 30th day of June, 1920.

The bill further alleged that the total amount paid by Rucker to the King Construction Company from July 1, 1920, until the termination of the contract in March, 1922, was seven thousand three hundred dollars, and alleged, in substance, that, from the inception of the contract until August 1, 1921, there had been a payment by check of four hundred dollars per month on the part of Rucker, and thereafter a payment by check of three hundred dollars per month.

The bill further alleged that the proper construction of the contract was as follows: Rucker was to pay four cents per ton for all gravel mined, the rental not to be less than four hundred dollars per month nor exceeding one thousand dollars per month, and that it was the duty of Rucker to report the quantity of gravel mined each month, which he had failed to do, refusing to make any report on demand, first made after the termination of the contract.

Appellee charged, on information and belief, that Rucker had mined more than ten thousand tons per month, and that there was due from him to the appellee a considerable sum if an accounting were had.

The prayer of the bill was for a reformation of the contract, correcting and amending the date so that it should read July, 1920, instead of 1921. It prayed for a discovery and accounting of the tonnage of gravel mined by Rucker, and for a decree against him for the amount of the balance found to be due on such accounting.

Rucker answered, denying the construction of the contract claimed by the King Construction Company, and asserting that he had paid all the rental due under the contract and agreement with the former. He alleged that under the terms of the contract, after April 15, 1921, he had the option to continue to rent the machinery and equipment as he saw fit, and that by correspondence the original contract was modified so that after August 1,

1921, under the terms as modified, he was only required to pay three hundred dollars per month, and that he had fully paid all rental due on the two contracts.

In appellant's answer was contained a plea of accord and satisfaction, in that he had made payment of his rents by checks, and had specifically marked on most of the checks the date to which he claimed the rent was paid, and that at the end of the contract he had sent a check marked "Rent in full," that he had never been called on to render any statement of the quantity of gravel mined by him to the King Construction Company, and that the latter had, without complaint, received the check in full payment and satisfaction of all claims for rent against him.

With his answer he filed a complete discovery, giving the tonnage of gravel mined each month, from the inception to the termination of the contract. This discovery showed that from July, 1920, to December, 1920, the tonnage of gravel mined was less than ten thousand tons; and that from December, 1920, until June 1, 1921, the tonnage mined was in excess of ten thousand tons. The month of June, 1921, showed less than ten thousand tons; and the whole accounting showed that under the terms of the contract, as construed by the King Construction Company, there would have been a considerable sum due the latter.

The chancellor entered a decree against Rucker for the sum of one thousand eight hundred six dollars as a balance of rental due and unpaid from July 1, 1920, until August 1, 1921. He further entered an order denying any relief to the King Construction Company subsequent to August 1, 1921, and held that a new contract had been entered into by which a flat rental of three hundred dollars per month was due and had been paid, thereby denying the plea of accord and satisfaction interposed by the defendant. An appeal was prosecuted therefrom to this

court by Rucker; and a cross-appeal was prosecuted by the King Construction Company.

In the main the evidence is addressed to the construction placed upon this written contract by the parties, and to the correspondence between them, together with the canceled checks given by Rucker in his payments of rent to the King Construction Company.

The pertinent facts, as disclosed by the checks, are about as follows: On January 5, 1921, the King Construction Company wrote Rucker a letter in which they used this language, after making a sale price for the machinery: "However, we consider the rental of four hundred dollars per month which you are paying us as very low, as we are getting the same sum per month for one small shovel with no extras whatever included with it." Rucker inclosed no statement of the tonnage of gravel mined by him, nor did he make any misrepresentation with reference thereto; he did not mention the tonnage.

The evidence conclusively showed that there was never any dispute between the parties during the life of the contract, not until after their contractual relations had ceased, on March 20, 1922. On June 22, 1921, the King Construction Company received Rucker's check by mail, on which check appeared the following notation: "Rent in full to July 1st, 1921." And the evidence conclusively shows that Rucker remitted, and the King Construction Company received and cashed, checks for four hundred dollars per month for each of the months from August, 1920, to June 30, 1921; and on most of the checks would be marked the date to which Rucker was asserting that the check was intended to pay the rent to the date which the notation on the checks indicated. The officers of the King Construction Company, testifying, admitted that they received and cashed these checks, and wrote the letters indicating that they were receiving the sums specified as rent, but said they thought Rucker was an

honest man, and that he would, upon accounting, pay them any excess; that they did not actually know there was any excess in any given month. They frankly admitted that they had never called for any statement of the amount of gravel mined from the inception to the termination of the contract.

They further admitted that they wrote the letter in which it was agreed to reduce the rent to three hundred dollars per month, but insisted that they thought they were simply reducing the minimum amount to be paid. But there is nothing in this record to show otherwise than that the three hundred dollars monthly rental was agreed to, was paid by Rucker, and received by the King Construction Company, without any complaint or protest from the latter.

As evidencing the manner of payment of rent by Rucker to the King Construction Company, checks were sent, dated June 2, 1921, August 15, 1921, November 10, 1921, March 2, 1922, and March 9, 1922, on which was indorsed, "Rent in full to" a specified date; and the last check of March 28, 1922, for two hundred dollars, has the indorsement, "Rental on machinery to March 20th, 1922, $\frac{2}{3}$ of month." All of these checks were received and collected by the King Construction Company. There is in evidence a letter from Rucker to the King Construction Company, written in March, 1921, inclosing a check for the rental on a flat basis for the current month, and for a month in advance, to which the King Construction Company replied, acknowledging receipt of the rent in advance, and thanking Rucker for so paying it.

There was an accord and satisfaction under the holdings of this court, beginning with the case of Clayton v. Clark, 74 Miss. 499, 21 So. 565, 22 So. 189, 37 L. R. A. 771, 60 Am. St. Rep. 521, and reannounced in May Bros. v. Doggett, 155 Miss. 849, 124 So. 476. Also Greener & Sons v. Cain & Sons, 137 Miss. 33, 101 So. 859; Domick

v. Brookhaven Box Co., 153 Miss. 22, 120 So. 193; Cooper v. R. Co., 82 Miss. 634, 35 So. 162; Enochs v. Cotton Oil Co., 139 Miss. 234, 104 So. 92; Phillips v. St. Paul Fire & Marine Ins. Co., 156 Miss. 41, 125 So. 705.

Appellee and cross-appellant urged that it was a fraud on Rucker's part in that he failed to report the tonnage of gravel mined monthly. The subject of tonnage was never mentioned in the correspondence between the parties, and there was no oral communication during the existence of the contract. It is certain that in March, 1921, when Rucker paid the rent in advance, the King Construction Company could not have mistaken the fact that the former was remitting a flat monthly payment in full of his rent, without reference to tonnage. Both parties to the contract were silent in regard to the subject; in fact, both parties apparently abandoned the contract. This is true, regardless of the several contentions as the proper construction of the contract. There was in this case no controverted question of material facts.

Having determined that there was an accord and satisfaction, it follows that Rucker was not liable to the King Construction Company for additional rent on a tonnage basis.

Reversed, and decree here for appellant, Rucker, on direct and cross-appeal.