318 So.2d 883 (1975)
RICKS LUMBER COMPANY, INC.
v.
NATCHEZ STEEL AND PIPE, INC.
No. 48275.
Supreme Court of Mississippi.
September 22, 1975.
*884 Zuccaro, Riley, Pintard & Brown, Natchez, for appellant.
Brandon, Handy & O'Beirne, Natchez, for appellee.
Before PATTERSON, INZER and SUGG, JJ.
INZER, Justice.
Ricks Lumber Company, Inc., defendant, appeals from a judgment of the Circuit Court of Adams County reversing a judgment of the County Court of Adams County, and overruling three affirmative defenses pled by the defendant, and awarding judgment in favor of plaintiff, Natchez Steel and Pipe, Inc. for $2,562.06, the amount of back sales tax allegedly due by defendant.
Appellee-plaintiff, Natchez Steel and Pipe, Inc., brought suit in the County Court of Adams County against the defendant, *885 Ricks Lumber Company, Inc., seeking to recover the sum of $2,562.06 alleged to be due for sales tax on sales of merchandise from plaintiff to defendant.
The declaration charged that the sales were made during the calendar years 1969, 1970 and 1971, that the agents of the Mississippi State Tax Commission examined the books of the plaintiff and traced the usage of the materials made by the defendant, and that as a result thereof determined that plaintiff failed to collect the proper tax on the materials and required plaintiff to pay the same. The declaration also charged that plaintiff was required by law to collect the sales tax on the sales in accordance with the tax schedule set out by law, and that the defendant was required by law to pay the same.
The declaration did not have attached to it an itemized list of the sales made during the years in question, but it did have a summary made by the tax commission for the years involved. This summary merely referred to the page number of the audit showing the rate charged and the rate that was properly due on the various items. Also attached as an exhibit was an invoice billing the defendant with the amount of the sales tax alleged to be due. This invoice was not itemized except to show the alleged amount due for the respective years. Attached to the declaration was an affidavit to the effect that all the items set out in the declaration and the exhibits were true and correct as therein set out and that the amounts were justly due by defendant to plaintiff.
The defendant answered the declaration and admitted that it made certain purchases from the plaintiff during the years involved, but denied that the sales tax was not paid by the defendant nor collected by the plaintiff. Defendant admitted the gross sales amounts for 1969 and 1970, but denied the breakdown as shown by the declaration. Defendant denied the gross amount of the sales as shown for the year 1971, but admitted purchases in the total amount of $412.12 on which defendant admitted that it owed sales tax at the rate of five percent, less credit for the amount of sales tax it paid. Defendant admitted that plaintiff was required by law to collect sales tax and it was required by law to pay said tax. Defendant further alleged that it had paid the taxes for the years 1969 and 1970, and was willing to pay the taxes due for 1971. The answer of the defendant did not have an affidavit attached denying the correctness of the account. The defendant also set out in its answer three pleas in bar as affirmative defenses.
The first defense, to which a copy of the waiver and agreement was attached, charged that on September 1, 1970, for value received, plaintiff relinquished and released all rights and claims for the materials furnished and sold and further charged that this waiver released the defendant from any sales tax that was due at that time.
The second defense alleged that on December 21, 1970, defendant signed and delivered to plaintiff, as consideration for the payment of the indebtedness owing for the materials mentioned in the declaration, a promissory note for $20,892, and that the note constituted full payment for the materials furnished for the years 1969 and 1970, including the sales tax thereon. It is charged that plaintiff accepted the note in full payment of any indebtedness which included sales tax, and that the acceptance of the note constituted accord and satisfaction of any and all sales tax due on the date of the note.
As a third defense the defendant alleged that the plaintiff brought suit on the note on April 7, 1971, and the plaintiff and defendant in that suit filed a joint motion to dismiss the suit with prejudice on the payment to the plaintiff of the sum of $21,379.84 as settlement of the suit on the promissory note. It was alleged that the settlement of the suit constituted res judicata, and the suit of the plaintiff should be dismissed.
*886 Plaintiff answered the affirmative defense and alleged that as to the first defense of waiver, the waiver amounted to only waiver of a statutory lien plaintiff had for the materials furnished that defendant used in the construction of a building.
As to the second defense of accord and satisfaction, plaintiff alleged that defendant advised plaintiff it was only chargeable with 1/8 of one percent tax which was charged on the sales made to the defendant. It was alleged that it was not until June 7, 1972, that plaintiff learned that additional sales tax was due, and consequently it could not have accepted on December 21, 1970, a note as payment for sales tax that it did not know was due. Plaintiff specifically denied that it accepted the note as payment of the sales tax.
As to the plea of res judicata, plaintiff in effect alleged that the suit was based on the promissory note and at the time it was executed and at the time the suit was dismissed with prejudice, it did not know that the additional sales tax was due and the collection of the sales tax was not involved in that suit and could not constitute res judicata as to the present suit.
On motion of the defendant, the pleas set up as affirmative defense were heard separately by the court. A stipulation reveals that the only testimony introduced was that of Mrs. Robert Besser, who testified on behalf of the plaintiff. She testified that she was secretary and treasurer of plaintiff corporation and as such was the official custodian of the records. She identified copies of the invoices which constituted the consideration flowing from plaintiff to defendant which prompted the execution of the note by the defendant on December 21, 1970. She testified that sales tax of 1/8 of one percent (the tax rate for sales to retailers for resale) was charged on these invoices. She said that at the time of the first purchase, the plaintiff was given the State Tax Commission identification number by the defendant with instructions to charge 1/8 of one percent on the sales. She also testified that plaintiff first received official notice of the additional sales tax due by the defendant on June 7, 1972, following an audit by the State Tax Commission, and thereafter on June 9, 1972, by letter, plaintiff made demand on defendant for the payment of $2,562.06 found to be due by the State Tax Commission, and on June 16, 1972, by letter, defendant refused to pay the same. It is apparent from this stipulation that defendant offered no testimony in support of its pleas.
The trial court found that the affirmative defense of waiver of lien, accord and satisfaction, and res judicata were all well taken for the reasons cited in the affirmative defenses, and sustained defendant's motion to dismiss the suit with prejudice. Plaintiff then made a motion to set aside the judgment of dismissal or in the alternative grant a new trial which was overruled.
On appeal to the circuit court that court found that both the statutory and case law were on the side of plaintiff, Natchez Steel and Pipe, Inc., and entered an order reversing the order of the county court, and rendered judgment in favor of Natchez Steel. Hence this appeal.
Appellant contends that the circuit court was in error in reversing the judgment of the county court. It is contended that the pleas set up as affirmative defenses were well taken, but in the alternative, it contends that even if the reversal of the trial court was proper, it was entitled to a trial on its answer.
When defendant requested a separate hearing on the pleas set up in its answer, it had the burden both as to law and the facts. See Section 11-7-59, Mississippi Code 1972 Annotated.
The waiver of lien assigned by plaintiff reads as follows:
FOR VALUE RECEIVED, the undersigned hereby waive, relinquish and *887 release all right and claim to lien for labor and material furnished in connection with the foredescribed improvements and property, and covenant and agree to save and hold harmless the owner and mortgagee of said property against any and all liability, claims and damages resulting from any and all liens for labor and materials furnished in connection with said improvements.
It is apparent that this waiver of lien amounts to nothing more than a waiver of the statutory lien that plaintiff had for the materials which went into the building constructed by the defendant.
As to the plea of accord and satisfaction, the defendant had the burden to show by clear and convincing evidence that the promissory note that it executed was in fact accepted by the plaintiff in full and complete settlement of its indebtedness to plaintiff, including the sales tax. Wade v. Sanders Oil Company, 185 So.2d 442 (Miss. 1966). The record reflects that at the request of the defendant, plaintiff charged on invoices sales tax at the rate of 1/8 of one percent. This would be the proper rate if defendant had resold the materials purchased at retail, but if they were used otherwise, a different rate would apply. At the time the note was accepted by the plaintiff, the presumption was that it was in payment of the debt then due as reflected by the invoices which charged sales tax at the rate of 1/8 of one percent. At that time, plaintiff did not know that additional sales tax was due. In Wunderlich v. State Highway Commission, 183 Miss. 428, 184 So. 456 (1938), we said:
The authorities seem agreed everywhere that, when a remittance is sent or delivered in full of an annexed or enclosed itemized statement of account, in full of enclosed or annexed invoices, or in full of any particularly itemized or otherwise particularly designated claim or demand, the accord and satisfaction extends only to the particular or particularized account, statement, invoice or demand so pointed to or designated, and not to any other item, or claim or liability, although growing out of the same matter or transaction. Many cases to this effect are cited, 1 C.J.S. Accord and Satisfaction, pages 533, 534, § 34; and the rule, in substance, is supported in Enochs v. Delta Cotton Oil Co., 139 Miss. 234, 104 So. 92. The effect of an accord and satisfaction cannot be extended by mere inference, as is sought to be done here; wherefore the said plea should have been denied.
(183 Miss. at 442, 184 So. at 457).
The burden of proof was upon the defendant to show that the note was given and accepted by the plaintiff as full payment of all indebtedness existing at that time between the parties. This it failed to do. The fact that the note was endorsed by individuals does not alter the situation.
As to the plea of res judicata, it appears that the note was not paid at maturity and suit was filed upon it. This suit was dismissed with prejudice on joint motion of plaintiff and defendants. The motion recited that defendants had paid the principal and interest on the note and that defendant Ricks agreed to dismiss a suit pending in chancery court. The circuit judge sustained the motion and dismissed the suit on the note with prejudice. At the time this suit was dismissed, plaintiff did not know that additional sales tax was due. There is no evidence that this suit involved anything other than the note. However, the defendant contends that its plea of res judicata was properly sustained by the county court because to allow plaintiff to sue on the claim for taxes would constitute a splitting of the cause of action. We find no merit in this contention for the same reason that the execution of the note did not constitute accord and satisfaction. Plaintiff had no knowledge at the time that the proper sales tax had not been paid *888 and could not have brought suit at that time for any additional sales tax.
For the reasons stated, we are of the opinion that the circuit court was correct in reversing the judgment of the county court, but it was in error in granting judgment for the plaintiff at that stage of the proceeding. Upon reversal of the judgment of the county court, the circuit court should have entered the judgment that the county court should have entered, that is, a judgment that the defendant had failed to sustain its pleas in bar. However, under the provisions of Section 11-7-59, Mississippi Code 1972 Annotated, defendant had the right to go to trial on its answer. The pertinent part of Section 11-7-59 reads as follows:
(1) Pleas in circuit court are hereby abolished and every defense heretofore presentable by plea shall be made in an answer; and the answer may state as many defenses, whether consistent or not and whether heretofore made by plea in abatement or plea in bar, as in law or in fact, the defendant may have to the declaration or to any material part of parts thereof. But if matter which heretofore could constitute a plea be set up in the answer in such a manner as to be clearly distinct and readily separable and go to the entire present cause of action, it may, on motion of either or any of the parties, be separately heard and disposed of before the principal trial on the cause, in the discretion of the court; and the said motion shall by itself, without further formalities or any specifications of grounds, operate (1) to set the said matter of plea for argument upon its sufficiency in law, and if held sufficient in law (2) to put in issue upon its facts, and no replication shall be necessary. And if the defendant fail to sustain the matter of the plea so heard, upon which matter, after motion made, he shall have the burden both as to the law and the facts, he shall nevertheless then have the right to go on trial upon his answer as a whole. (Emphasis added).
In response to defendant's argument that he is entitled to trial on his answer, plaintiff argues that the judgment of the circuit court should be affirmed for the reason that the answer of the defendant to the suit on an open account was not under oath as required by statute and it was entitled to a judgment. We find no merit in this contention. The case never reached the point where plaintiff was entitled to a directed verdict. It is a rule of evidence and not pleading that the statute providing that a person who sues on open account may make and attach an affidavit of its correctness and that the account is due, and that unless defendant makes affidavit with its plea that the account is not correct, plaintiff shall be entitled to judgment. Its purpose is to dispense with proof of correctness of the account. In any event, unless the account is properly itemized, plaintiff is not relieved of the burden of proving the correctness of the account, and no affidavit denying its correctness is necessary. Pioneer-Hydrotex Industries v. Barfield, 247 Miss. 845, 157 So.2d 489 (1963).
We hold that the circuit court was correct in holding that defendant failed to sustain his pleas in bar and reversing the judgment of the county court. This action disposed of the pleas in bar, but the defendant was entitled to a trial on its answer. For this reason this case is reversed and remanded for trial on the declaration and answer.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.