## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2014-CA-01355-COA

**NORTRAX SOUTH, INC.**                                                                 **APPELLANT**

v.

**THORNHILL FORESTRY SERVICE, INC.**                                        **APPELLEE**

DATE OF JUDGMENT:                08/29/2014
TRIAL JUDGE:                              HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:   MARION COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:     JOHN THOMAS ROUSE
                                                  M. BRENT HICKS
ATTORNEYS FOR APPELLEE:      R. ANDREW FOXWORTH
                                                  TERESA PRILLHART JOHNSON
NATURE OF THE CASE:              CIVIL - OTHER
TRIAL COURT DISPOSITION:       DEBT FOUND INVALID
DISPOSITION:                         REVERSED, RENDERED AND
                                                  REMANDED: 02/16/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Nortrax South sold Thornhill Forestry Service nine bulldozers over the course of three years.  Nortrax collected three percent sales tax on the understanding that Thornhill was eligible for the reduced rate then applicable to certain "equipment used in logging, pulpwood operations or tree farming."  *See* Miss. Code Ann. § 27-65-17 (2008).  Nortrax was later audited by the Mississippi Department of Revenue, which determined that the sales to Thornhill did not qualify for the reduced tax rate.  According to the MDOR, although Thornhill provided services to tree farmers and loggers, it was not itself a tree farmer or

logger and therefore was inelgible for the lower rate.

¶2. Nortrax paid the difference – which, including interest, was about $92,000 – and then filed suit in the circuit court to collect that amount from Thornhill. The suit was stayed while Nortrax, in collaboration with Thornhill, appealed the MDOR's decision through the administrative remedies provided by statute. The ordinary, higher tax rate was affirmed by the MDOR Board of Review. The second appeal, which would have been to the MDOR Board of Tax Appeals, was inadvertently filed outside of the time allowed by statute, and the appeal was dismissed for that reason.

¶3. Nortrax then picked up its suit to collect the taxes it had paid on Thornhill's behalf. The case was tried to the court, with most of the facts being stipulated. The circuit court found that both parties "agree that the Board of Review's decision affirming the 7% tax is incorrect, or at least inconsistent with the Commission's practice toward Thornhill." The Commission's decision therefore "may be erroneous or arbitrary" and, since it might have been overturned had Nortrax prosecuted the appeal to the fullest extent, the question of the validity of the debt to Nortrax was "left open." The circuit court denied relief, and Nortrax appeals. We reverse that decision, render a judgment in favor of Nortrax, and remand for the circuit court to determine the amount of the judgment.

**DISCUSSION**

¶4. Under Mississippi law, the sales tax is imposed upon the seller. *See* Miss. Code Ann. § 27-65-17 (Supp. 2015). However, statute also obligates the seller to collect the sales tax

from the purchaser at the time of the sale, "insofar as practicable." *See* Miss. Code Ann. § 27-65-31 (Supp. 2015).

¶5.     In this case, Nortrax collected three percent of the purchase price at the time of sale under the belief that Thornhill was eligble for a reduced rate.  The MDOR subsequently determined that Thornhill was not eligible for the reduced rate, which Nortrax appealed in a proceeding to which Thornhill was not a party.  That proceeding ended when Nortrax failed to timely file an administrative appeal.  Nortrax now seeks to collect the additional taxes from Thornhill.

¶6.     According to Thornhill, the question of the correct tax rate remained unlitigated as between it and Nortrax.  Thornhill frames the issue as one of collateral estoppel – it contends that it cannot be bound by a decision to which it was not a party, and thus that the circuit court was free to relitigate the issue of tax liability for the transaction.  The trial court seems to have denied relief because Nortrax contested the tax liability on Thornhill's behalf, up to that point that it inadvertently terminated the MDOR appeals process.

¶7.     Mississippi law is quite clear on the issue of liability:

> [Statutory law] distinctly provides that, whatever the contract as to the sales price, the amount of the tax due by the seller shall be added to the sales price of the property, and that the seller shall collect the amount from the buyer, and this sales tax collection by the seller from the buyer should be in addition to the sales price.  When the parties to this contract made it, they made it in contemplation of this section of law being enforced, and they knew or are now charged with knowledge that the sales price would have added thereto the two per cent sales tax thereon, and that this sales tax should be in addition to the sales price agreed to by the parties.  This statute, in this language, created, when the statute became effective, the relationship of debtor and creditor as to

the sales tax.  We do not think anyone could dispute that.

*Woodrich v. St. Catherine Gravel Co.*, 188 Miss. 417, 425-26, 195 So. 307, 309-10 (1940)

The court continued:

> We have already determined that the applicable statutes created the
> relationship of debtor and creditor on the facts of this case, between the buyer
> and the seller.  That gave rise to a cause of action – whether it was two cents
> or two million cents.  The amount was immaterial.  The debt became fixed
> when the purchaser proceeded to pay the agreed sales price, and if it is true
> that the seller was required to demand payment of the sales tax at the time he
> took payment in full or partial payment of the sales price, and he did not then
> and there collect it, can any sane man say that the tax part of the debt was
> destroyed?  Or, if perchance the seller violated Section 3 of Chapter 155 by
> failure or refusal to add to the sales price and collect the amount due by him
> on account of said tax, can anybody say that discharged or extinguished the
> debt which was super-imposed on the contract by the statute?  We must
> emphatically reply in the negative.  We think therefore, whether through
> mistake or carelessness, or want of care or design, the seller did not collect the
> sales tax, at the time provided by the statute, that tax became due and payable
> by the buyer to the seller, and that this is true notwithstanding the seller may
> have committed a misdemeanor by violating Section 1 of the Act.  However,
> the buyer in this case sought to have the collection of the sales tax delayed in
> order that he might secure from the State Tax Commission a reduction of the
> two per cent sales tax to one-eighth per cent.

*Id.* at 427, 195 So. at 310; *see also Ricks Lumber Co. v. Natchez Steel & Pipe Inc.*, 318 So.

2d 883, 887-888 (Miss. 1975); *Viking Supply Corp. v. Mantee Dev. Corp.*, 218 So. 2d 887,

888 (Miss. 1969).

¶8.    It is clear that under the preceding authority, Thornhill agreed to the pay the tax that

was accessed to Nortrax – and the statute entrusts the determination of the amount to the

MDOR.  *See* Miss. Code Ann. § 27-65-37 (Supp. 2015); Miss. Code Ann. § 27-77-5 (Supp.

2015).

4

¶9.    Thornhill does not dispute that it owes sales tax, it just argues it cannot be bound to the amount determined by the MDOR because it was not a party to the proceedings that determined the tax owed.  But the purchaser's liability established in *Woodrich* was not so limited, even though the amount of the tax was apparently disputed in that case.  Moreover, although we are sympathetic to Thornhill's argument that it should have some right to litigate the amount of tax it is ultimately responsible for, Thornhill's assertion that it had no right to participate as a party before the MDOR is supported only by perfunctory argument, and the record reflects no actual attempt to intervene.  Nor has Thornhill substantiated the suggestion that it is entitled to relief because Nortrax voluntarily assumed a duty to litigate the tax liability on its behalf.

¶10.    Under *Woodrich*, the liability of the purchaser is for the amount of the sales tax imposed on the seller.  The trial court erred as a matter of law in relitigating that issue.  As the facts are undisputed, we render judgment for Nortrax on the issue of the additional tax and interest to the MDOR.  We remand the case to the trial court to consider Northrax's claims for pre- and post-judgment interest.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY IS REVERSED AND RENDERED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE AND JAMES, JJ., CONCUR. WILSON, J., CONCURS IN RESULT ONLY. CARLTON AND GREENLEE, JJ., NOT PARTICIPATING.**