592 So.2d 103 (1991)
Millie Howell Thomas YOUNG
v.
SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY.
No. 90-CA-0046.
Supreme Court of Mississippi.
December 18, 1991.
*104 Alfred L. Felder, McComb, for appellant.
Samuel E. Scott, Ott Purdy & Scott, Jackson, for appellee.
En Banc.
PITTMAN, Justice, for the Court:
This action was instituted in the Circuit Court of Hinds County, First Judicial District, against Southern Farm Bureau Life Insurance Company to recover the proceeds of a life insurance policy allegedly due the appellant, Millie Young. The cause came before Circuit Judge Breland Hilburn on Southern Farm Bureau's Motion for Summary Judgment based upon the theories of accord and satisfaction and the tolling of the applicable statute of limitations. After a hearing on appellee's motion, Judge Hilburn granted the motion for summary judgment ruling that an accord and satisfaction had occurred. Finding error in the judgment of the lower court, we reverse and remand this matter for trial on the merits.

I.
On September 18, 1980, Carlos Thomas purchased life insurance from appellee Southern Farm Bureau Life Insurance Company. The policy provided for $25,000.00 in whole life coverage with an additional $25,000.00 in accidental death benefits. On December 18, 1982, the premium for the above coverage was not paid and remained unpaid beyond the thirty-one (31) day grace period for reinstatement.
On January 22, 1983, a notice of extended term insurance was mailed to Carlos Thomas giving him a sixty (60) day special offer in which the policy could be reinstated without evidence of insurability. The notice provided that the original policy of insurance had been converted, under the terms of that policy, to a policy of extended term coverage due to Thomas' failure to pay the required premium within the thirty-one (31) day grace period. The extended term coverage was for $25,043.50 and was in effect until February 9, 1984. The notice further stated that the original policy of whole life and accidental death could be restored without evidence of insurability, if the policyholder remitted the stated quarterly premium within sixty (60) days of December 18, 1982. It is undisputed that payment was not made within this sixty (60) day period.
On February 22, 1983, another special offer letter was mailed to Carlos Thomas containing Southern Farm Bureau's invitation to reinstate the previous insurance coverage for a special sixty (60) day period. This letter, like the January 22, 1983, correspondence, stated that the sixty (60) day period began to run on December 18, 1982. Because this sixty (60) day period had already terminated when the second special offer letter was mailed, Southern Farm Bureau asserts that this letter was sent to Thomas due to "managerial oversight."
On February 20, 1983, Millie Young presented her local agent with a check for the quarterly premium originally due December 18, 1982. A few days later, Young received the second special offer letter that contained the following in its final paragraph:
If this premium has been paid within the last few days, we thank you and you may disregard this notice.
Considering this final paragraph, Millie Young asserts that the original life insurance coverage, i.e. $25,000.00 whole life and $25,000.00 accidental death, was reinstated on her husband's life.
*105 On March 9, 1983, Southern Farm Bureau corresponded with local agent Ben Bennett informing him that the original coverage purchased by Carlos Thomas had lapsed effective December 18, 1982. The insurer related that Thomas would now have to complete a statement of insurability to apply for a reinstatement of coverage. The above correspondence also returned Carlos Thomas' February 20, 1983, check and requested that the agent return the draft to Thomas.
On March 18, 1983, Carlos Thomas severed the main artery in his leg in a power saw accident. As a result of this accident, Thomas died on March 29, 1983, at Oschner's Hospital in New Orleans, Louisiana.
In late June or early July, Southern Farm Bureau, through its agent Ben Bennett, disbursed the proceeds of the life insurance policy in effect at the time of Thomas' death. These benefits included extended term benefits totalling $25,472.02, but did not include accidental death benefits due to a policy provision that prevented any additional riders to be placed with a policy of extended term coverage. Thus, Millie Young was paid $25,472.02 on or about June 27, 1983.
Regarding the payment of the above policy of insurance, Ben Bennett stated by affidavit that on April 12, 1983, he went to the home of Millie Young to execute the necessary claims documents. Bennett stated that he explained to Young that she would only receive the extended term benefits of $25,472.02 because the accidental death provision was no longer in effect. To this end, Bennett stated that appellant signed a death benefits claim form providing that she would receive the extended term benefits only.
Millie Young, however, testified that when she signed the benefits claim form, the form was not filled out. She stated that she never understood that she was to receive less than $50,000.00 until agent Bennett brought the lesser amount to her home sometime around June 27, 1983. Millie Young asserted, in her answers to interrogatories, that agent Bennett told her that he was very sorry that he was unable to persuade Southern Farm to pay her the full $50,000.00 and that Young should sue him for the deficit because he was bonded.
In February of 1984, Millie Young negotiated the benefits check for $25,472.02.
On May 30, 1989, appellant Young filed suit in the Circuit Court of Hinds County, First Judicial District, six (6) years and two (2) months after the death of her husband. Young's complaint alleged that Southern Farm Bureau had breached its duty of fair dealing and good faith for the failure to pay the entire policy proceeds. The complaint sought: (1) $25,000.00 for the balance of the policy proceeds; (2) $250,000.00 in general damages; and (3) $5,000,000.00 in punitive damages against the insurer.
On June 29, 1989, Southern Farm Bureau answered the above complaint asserting the defenses of accord and satisfaction and procedural bar under the applicable statute of limitations. The insurer alleged that all proceeds due under the policy in effect at the time of Thomas' death had been distributed to Millie Young and, further, that this action was instituted more than six (6) years after the death of her husband.
On October 3, 1989, Southern Farm Bureau Life Insurance Company filed its Motion for Summary Judgment, or in the Alternative Motion for Partial Summary Judgment, seeking a dismissal of this cause based on the theories of accord and satisfaction and the tolling of the statute of limitations. Appellant Young answered this motion for summary judgment alleging that her cause of action did not accrue until Southern Farm Bureau breached its duty in late June or early July of 1983. Appellant's answer further alleged that she did not intend to release her rights to the $25,000.00 accidental death benefits by signing the proof of loss form in blank.
After a hearing before Judge Breland Hilburn on November 28, 1989, Southern Farm Bureau's Motion for Summary Judgment was sustained on the ground of accord and satisfaction. The lower court found:

*106 1.
That after the death of the insured, Carlos Thomas, the plaintiff-beneficiary negotiated with the defendant, Southern Farm Bureau Life Insurance Company, concerning the benefits she would receive under the policy.
2.
That after negotiations concerning the benefits concluded, the plaintiff received and endorsed the checks as proceeds under the insurance policy while admittedly knowing that the checks were tendered to her in full satisfaction of any debt under the insurance policy.
3.
That the plaintiff used the proceeds paid to her from the defendant under the insurance policy for her personal benefit.
4.
That these actions of this plaintiff operate as an accord and satisfaction and preclude her from recovering further sums under the policy.
5.
The doctrine of accord and satisfaction estops the plaintiff from asserting a right to additional benefits under the subject insurance policy and this defendant is entitled to a judgment as a matter of law based on that ground.
Millie Young appeals and cites as error the lower court's grant of summary judgment.

II.
In determining whether the lower court was proper in granting Southern Farm Bureau's Motion for Summary Judgment we must conduct de novo review. This standard is familiar and the law governing the grant or denial of a motion for summary judgment is well established. The recent decision in Newell v. Hinton, 556 So.2d 1037 (Miss. 1990), enumerates the following:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says just the opposite.
Id. at 1041 (quoting Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984), and Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983)). With the above standard in mind, we review the trial court's grant of summary judgment in this matter based upon the theory of an accord and satisfaction.
In Cook v. Bowie, 448 So.2d 286 (Miss. 1984), this Court stated that the four basic elements of an accord and satisfaction are,
(1) something of value offered in full satisfaction of demand; (2) accompanied by acts and declarations as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and (4) the party actually does accept the item.
Id. at 287 (quoting Lovorn v. Iron Wood Products Corp., 362 So.2d 196, 197 (Miss. 1978)). The trial court found that an accord and satisfaction was established below when Millie Young negotiated with Southern Farm Bureau Life Insurance Company concerning the benefits owed under the policy, and when Young endorsed and cashed the proceeds check tendered in June of 1983. We disagree.
The elements of an accord and satisfaction are to be proven by clear and convincing evidence. Ricks Lumber Co., Inc. v. Natchez Steel and Pipe, Inc., 318 So.2d 883, 887 (Miss. 1975). For the trial court to find an accord and satisfaction on this record, it would necessarily have to resolve the disputed issues of: (1) did Millie Young accept the June 27, 1983 check, with knowledge that it was in full settlement of *107 her claim; (2) did Southern Farm Bureau tender the $25,472.02 proceeds check in complete settlement of the Young claim considering that the proceeds check contained no release-of-claims notation as did other checks issued to appellant; and (3) did Millie Young sign the death benefits claim form in blank or after completion. We believe the presence of the above issues of material fact prevents the disposition of this cause by motion for summary judgment. This court has consistently stated that "a motion for summary judgment lies only when there is no genuine issue of material fact and is not a substitute for the trial of disputed fact issues." Dethlefs v. Beau Maison Development Corp., 458 So.2d 714, 716 (Miss. 1984). Genuine issues of material fact are present in this record and should have prevented the grant of summary judgment below.

III.
As a final consideration, Southern Farm Bureau asserts that the applicable six (6) year statute of limitations, Miss. Code Ann. § 15-1-49 (1972), had expired in this matter when suit was filed on May 30, 1989. Farm Bureau suggests that Millie Young's cause of action accrued upon the death of her husband, on March 29, 1983, and that her complaint was untimely filed in the lower court.
Millie Young asserts that her "bad faith" claim for breach of contract did not accrue until the insurance agreement between the parties was breached. Young suggests, under Schoonover v. West American Ins. Co., 665 F. Supp. 511, 516 (S.D.Miss. 1987), that her action "[a]lthough styled, a tort, ... [was] created by contract and requires proof of a breach of contract." She submits that the agreement in this cause was breached when Farm Bureau wrongfully refused to pay the accidental death benefits in late June or early July of 1983. As a result, the statute of limitations did not toll until June or July of 1989.
This Court has yet to address the specific question presented on appeal. That being, when does an action for the wrongful refusal to pay life insurance benefits accrue. Without an exhaustive review of authority on this subject, we simply state that the wrongful refusal to pay life insurance benefits is a breach of the insurance contract. Recent authority in this area suggests that an action based upon such a breach accrues at the time of the specific refusal to pay. In Loewer v. New York Life Ins. Co., 773 F. Supp. 1518, 1521-22 (M.D.Fla. 1991), the United States District Court for the Middle District of Florida stated that "the statute of limitations begins to run on an insurance claim when the insured first receives written notification that a specific claim was denied." This proposition was echoed by Florida's Second District Court of Appeals where it stated that:
When parties are voluntarily acting pursuant to a contract, there is no cause of action upon that contract until a breach occurs. Special Tax School Dist. No. 1 of Orange County v. Hillman, 131 Fla. 725, 179 So. 805 (Fla. 1938). In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running. See Klein v. John Hancock Mut. Life Ins. Co., 683 F.2d 358 (11th Cir.1982); Firemen's Ins. Co. of Newark, N.J. v. Olson, 176 So.2d 594 (Fla. 3d DCA 1965).
Donovan v. State Farm Fire and Cas. Co., 574 So.2d 285, 286 (Fla. 2d DCA 1991).
We agree with recent authority and find that the statute of limitations did not begin to run in this cause until Farm Bureau notified Millie Young that it would not pay the accidental death benefits.
In this holding, we state no opinion regarding the merits of Young's claim against Southern Farm but merely find that her cause of action was not barred by the applicable statute of limitations. This ruling is consistent with prior decisions of this Court where we held that "[i]n the case of a breach of contract, the cause of action accrues at the time of the breach... ." Johnson v. Crisler, 156 Miss. 266, 269, 125 So. 724-25 (1930). Further, we hold that genuine issues of material *108 fact require reversal of the granted summary judgment. Therefore, this matter is reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.