IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60112
Conference Calendar

_____

BENNIE L. NEWELL, SR.;
DEBORAH NEWELL,

                                        Plaintiffs-Appellants,

versus

PHILIP GAINES; CURRIE, JOHNSON, GRIFFIN,
GAINES & MYERS; STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; DENNIS L. CHANDLER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-705-BN
--------------------
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Bennie L. Newell, Sr., and Deborah Newell (collectively,

"Newell") appeal the district court's dismissal of their

complaint against State Farm Mutual Automobile Insurance Company

("State Farm") for failure to file within the applicable statute

of limitations.

     In a 42 U.S.C. § 1983 claim, the federal court borrows a

statute of limitations from the forum state, but the date of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

accrual is determined by federal law.  See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).  Federal law provides that a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 518 (5th Cir. 1998).

If jurisdiction is based on diversity, as Newell's bad faith claim is, a federal court applies the law of the forum state.  See Vaught v. Showa Denko, K.K., 107 F.3d 1137, 1145 (5th Cir. 1997).  Mississippi has apparently adopted the principle that a cause of action for non-payment of insurance benefits accrues when the insurer refuses to pay, thus breaching the insurer's obligation to pay benefits.  See Young v. Southern Farm Bureau Life Ins. Co., 592 So. 2d 103, 107 (Miss. 1991).

Newell knew State Farm refused to pay his claim for benefits by September 21, 1996, and thus this is the date both causes of action accrued.  If Newell's § 1983 claim was based on the sale of the vehicle, this cause of action accrued before the end of September 1996.  The statute of limitations therefore expired on all causes of action on or before September 30, 1999, more than one week prior to Newell's filing suit.

In both § 1983 and diversity cases, any applicable state tolling provision also applies.  See Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Vaught, 107 F.3d at 1145.  Newell did not specifically argue that the statute of limitations was tolled, and our own review does not persuade us any Mississippi tolling applies in this case.  Newell's "reasonable person"

argument based on communications with the Mississippi Commissioner of Insurance is nothing more than a suggestion that his neglect in filing suit should be excused. However, "excusable neglect" is not recognized by Mississippi law to toll or stay the running of the statute of limitations. See City of Tupelo v. Martin, 747 So. 2d 822, 829 (Miss. 1999).

Because Newell's causes of action accrued before the end of September 1996, his complaint filed October 8, 1999 was untimely. Therefore, the district court's dismissal is AFFIRMED.