GRAVES, Presiding Justice,
concurring in part and dissenting in part:
¶ 69. I disagree with the majority’s holding that summary judgment was improperly granted as to the issue of whether Schmidt breached his duty as an insurance agent and proximately caused any damages to the Mladineos. Because I would explicitly affirm the trial court in toto, I respectfully concur in part and dissent in part.
¶ 70. As stated by the majority, this Court repeatedly has held that knowledge of an insurance policy is imputed to an insured regardless of whether he has read the policy. See Stephens v. Equitable Life Assurance Soc’y of U.S., 850 So.2d 78, 83 (Miss.2003); Oaks v. Sellers, 953 So.2d 1077, 1083-84 (Miss.2007); Cherry v. Anthony, 501 So.2d 416, 419 (Miss.1987); and Atlas Roofing Mfg. Co. v. Robinson & Julienne, Inc., 279 So.2d 625, 629 (Miss.1973).
¶ 71. The majority finds that the “Mla-dineos did have possession of their policy for four months — enough time to have read the policy — -and are imputed with knowledge of the policy’s contents pursuant to our precedent.” (Maj. Op. at ¶ 27). The majority then offers an analysis of the negligence claim, correctly pointing out that the elements of a negligence claim are duty, breach of duty, proximate cause and damages. (Maj. Op. at ¶ 28). The majority finds that it is a question of fact whether Schmidt breached his duty or proximately caused any damages to the Mladineos. The majority holds that summary judgment was improperly granted, and remands the negligence claim against Schmidt to the trial court for proceedings to determine whether Schmidt breached his duty and proximately caused any damages. However, in the same opinion, the majority also holds:
The trial court was correct: even if Schmidt breached his duty as an insurance agent to procure the requested coverage, the Mladineos’ silence was the proximate cause of their damage. If they had executed their duty to read the policy, they would have noticed that the *1171 policy plainly did not cover the things that they assumed “hurricane” policies would cover. Therefore, the trial court is affirmed as to the dismissal of the claim for negligent failure to procure requested coverage.
(Maj. Op. at ¶ 38) (emphasis original).
¶ 72. The majority’s analysis is contradictory. The proximate cause of the Mla-dineos’ damages would remain the same under a negligence theory or a negligent-failure-to-procure theory. Likewise, the duty to read and the imputed-knowledge provisions would apply under both theories. Further, the majority also applies those provisions to the negligent-misrepresentation theory. The majority holds:
Based on the foregoing analysis, the Mladineos reasonably cannot have relied on the alleged assurances of coverage by Schmidt that directly contradicted the plain language of the policy they had in their possession. Because at least one of the elements required for a negligent-misrepresentation claim is not present, we affirm the trial court’s grant of summary judgment as to the claim of negligent misrepresentation.
(Maj. Op. at ¶ 47).
¶ 73. The majority contradicts itself once again in the last paragraph when it holds that summary judgment was improper as to the issue of Schmidt’s negligence, but was proper as to all other issues, “as well as to public policy.” (Maj. Op. at ¶ 61).
¶ 74. The majority fails to adequately explain how it carves out an exception to the duty to read and the imputed-knowledge provisions under only the negligence theory. The majority also fails to adequately explain how Schmidt possibly could have proximately caused the damages under the negligence theory but not under the negligent-failure-to-procure or negligent-misrepresentation theories, when all three theories are intertwined.
¶ 75. In the second amended complaint, the Mladineos asserted three counts: failure of an agent to procure requested coverage, negligence, and negligent misrepresentation. With regard to the negligence count, the Mladineos reasserted the allegations of their failure-to-procure count and also alleged:
Said defendants were negligent in not properly and completely inspecting the property; in not seeing the obvious pier and boathouse to the rear of the property; by not taking further precautions about procuring coverage for damage which could be caused by water, given the fact that the rear portion of the property was in a flood zone; by not ascertaining the exact flood plain status of the subject real property; by not informing John of the exact flood plain status of the subject real property; by being unfamiliar with the terms of the policies being marketed; by not informing John of the exclusions under the policy; by not offering flood insurance; by not maintaining proper notes and other documents, including a properly completed and signed application; and by other similar sloppy and negligent acts.
With regard to the negligent-misrepresentation count, the Mladineos also reasserted the allegations in the two prior counts. It is impossible to separate these counts.
¶ 76. Dr. John Mladineo testified during his deposition that he never had requested a separate flood insurance policy from Schmidt on the unoccupied, two-story home in Ocean Springs. Mladineo further testified that he never had asked Schmidt to investigate and determine the exact flood-plain status of the entire property and that he never read his policy once he received it. Further, Mladineo testified that Schmidt “also indicated ‘Since you were not in the flood plain, the bank would not require a flood pol — a separate flood *1172 policy.’ ” Later, Mladineo again testified: “I think his wording was, ‘Since you’re not in the flood plain, the bank would not require a separate flood insurance policy.’” This testimony does not indicate that Schmidt told Mladineo he did not need flood insurance, but merely says that the bank was not going to require it. Further, the claims for the pier and the boathouse ultimately were paid.
¶ 77. The majority cites McKinnon v. Batte, 485 So.2d 295, 297 (Miss.1986), for the duty of an insurance agent. However, McKinnon involved a jury verdict for the defendants, as opposed to summary judgment. Also, the McKinnon opinion opens with a statement that the “primary issue of this appeal is the duty owed by a licensed surveyor to those with whom he has contracted to perform a survey.” Id. at 296. More importantly, the portion of McKinnon on which the majority relies specifically says:
“It seems to be a well-settled rule that if an agent or broker with a view of being compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will be liable for any damage that results thereby.” Simpson v. M-P Enterprises, Inc., 252 So.2d 202, 207 (Miss.1971). The standard of care of an insurance agent is “to use that degree of diligence and care with reference thereto which a reasonably prudent [person] would exercise in the transaction of his own business.” Security Insurance Agency, Inc. v. Cox, 299 So.2d 192, 194 (Miss.1974).[7] The Court holds the jury was properly instructed as to the applicable standard of care for the defendant Batte.
McKinnon, 485 So.2d at 297.
¶ 78. Again, the instant case involves summary judgment, not jury instructions. Further, there is no evidence that Schmidt agreed to procure flood insurance for Mla-dineo and then failed to do so. Finally, there is no basis to find, under the applicable authority, that Schmidt somehow had a duty to sell the Mladineos more insurance than they actually sought to procure or to convince them to purchase additional policies which were not required.
¶ 79. As acknowledged by the majority, the Mladineos had a duty to read the policy, were imputed with knowledge of its terms and had the responsibility to cure any deficiencies in coverage. As also acknowledged by the majority, Schmidt was not the proximate cause of the Mladineos’ damages. The claims for negligence, negligent failure to procure, and negligent misrepresentation are intertwined and must be analyzed consistently. Because I would hold that the trial court must be affirmed in toto, I respectfully concur in part and dissent in part.

. Security Insurance Agency, Inc. v. Cox, 299 So.2d 192, 194 (Miss.1974), was a case involving an agency's duty to inform an insured that his policy on a rental house would not be renewed. Such is not the case here.