KITCHENS, Justice,
dissenting:
¶ 27. The majority holds that the statute of limitations began to run when Chubb refused to cover the Bank for the claims brought in state court. However, nothing in the record suggests that the Bank was aware at that time that it would later be sued in federal court on unrelated claims or that the Bank would settle those claims for $600,000. Therefore, I respectfully disagree that the statute of limitations had expired when the Bank filed the present lawsuit. Moreover, because genuine issues of material fact remain as to whether the voluntary payment doctrine is applicable to this case, I would reverse the circuit court’s grant of summary judgment.
¶ 28. Mississippi Code Section 15-1-49 (Rev.2003), the controlling statute, provides that the limitations period does not begin to run until “the cause of such action accrued.” As interpreted by this Court:
[A] cause of action accrues “when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.” Bullard v. Guardian Life Ins. Co. of Am., 941 So.2d 812, 815 (Miss.2006) (quoting Forman v. Miss. Publishers Corp., 195 Miss. 90, 14 So.2d 344, 346 (1943)). In other words, the statute of limitations “begins to run when all the elements of a tort, or cause of action, are present.” Caves v. Yarbrough, 991 So.2d 142, 147 (Miss.2008). Under Section 15-1-49, “the statute of limitations commences upon discovery of an injury, and discovery is an issue of fact to be decided by a jury when *1112 there is a genuine dispute.” Donald v. Amoco Prod. Co., 735 So.2d 161, 167 (Miss.1999).
Weathers v. Metropolitan Life Ins. Co., 14 So.3d 688, 692 (Miss.2009) (emphasis in original). A cause of action cannot accrue until all the traditional elements of a tort are present, that is, duty, breach, causation, and injury. Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1354 (Miss.1990). On January 18, 2005, when Chubb informed the Bank that its insurance policy would not cover a suit against the Bank, the Bank was put on notice that its insurance agent may have breached a duty. However, the federal claims, under which the Bank eventually would suffer the financial injury in question, were not filed for another six months. Because no injury yet existed, the present cause of action could not have accrued on January 18, 2005.
¶ 29. The majority relies on two cases that are easily distinguishable from this one. In Oaks v. Sellers, 953 So.2d 1077, 1078 (Miss.2007), the plaintiff sued his insurance agents, claiming that they negligently represented that the plaintiff had purchased an umbrella policy for both personal and business liabilities. Id. at 1078. However, the agents had procured only an umbrella policy for business liabilities; and, had the plaintiff read his policy, he would have known that he had business insurance only, and no personal coverage. Id. at 1082. In the present case, the Bank’s claim is entirely different; the Bank was fully aware that it did not have entity coverage; thus the Bank’s knowledge of the policy’s contents are not at issue. See Mladineo v. Schmidt, 52 So.3d 1154, 1163 (Miss.2010) (distinguishing between claims based on misrepresentations that would have been clarified by reading the policy and claims based on misrepresentations that a particular type of coverage was not needed).
¶ 30. Moreover, in Oaks, the denial of the insured’s claim that had triggered the statute of limitations caused the injury for which the insured sued. As this Court noted, “Sellers suffered damage when American States denied coverage,” because “American States’s denial of coverage deprived Sellers of legal representation paid by American States.” Id. at 1083. In the present case, Chubb’s January 18, 2005, denial of coverage for the state claims did not deprive the Bank of legal representation in federal court. Indeed, Chubb did provide the Bank legal representation in federal court.
¶ 31. The majority also relies on Weathers, 14 So.3d 688, which again, was based on an entirely different type of claim. In Weathers, the plaintiff sued his life insurance company based on an agent’s alleged misrepresentation that the plaintiff would have to pay premiums for only ten years, after which the premiums would “vanish.” Id. at 689. The trial court granted summary judgment in favor of the insurance company based on the statute of limitations, but this Court reversed, finding that “a genuine issue of material fact exists as to whether [the agent’s] representations conflicted with the plain language of the policy, so as to place Weathers on notice of any alleged misrepresentation or fraud at the time the policy was issued.” Id. at 694. Because of the nature of the claim, the plaintiffs injury, i.e., the premiums paid after the vanishing date, would be ascertainable as soon as the misrepresentation was discovered. In the present case, while the Bank may have been aware of its agent’s misrepresentation when it was sued in state court, the injury on which the present case is based, i.e., the settlement paid in federal court, had yet to materialize. Therefore, I respectfully disagree that the statute of limitations began *1113 to run before the Bank had suffered an injury.
¶ 32. Finally, in the alternative, the trial judge found that the “volunteer doctrine” precluded any claims by the Bank because “[tjhere is no indication that the settlement and payment were made by compulsion, fraud, or mistake of fact.” However, the parties stipulated that the Bank had been advised by its lead attorney “that the estimated cost of trial of the first federal case then set for trial would exceed $1,000,000.” Given that the estimated cost to defend one case was almost double the amount for which the Bank settled all twenty-three cases, there is a genuine issue of material fact as to whether the settlement was reasonable and made under compulsion. See Keys v. Rehab. Ctrs., Inc., 574 So.2d 579, 585 (Miss.1990) (jury must determine whether settlement payment for wrongful death claim was under compulsion and reasonable in amount). Because neither the “voluntary payment doctrine” nor the statute of limitations warranted summary judgment, I would reverse the judgment and remand the case for further proceedings.
LAMAR, J., JOINS THIS OPINION IN PART.