DICKINSON, Presiding Justice,
for the Court:
¶ 1. More than three years after learning his insurance policy had expired and his agent had not procured a replacement policy, Joe Tally sued his insurance agent, Ronald McMorris, in tort, claiming he “breached a standard of care recognized in the State of Mississippi to the insured for not notifying [him] of the cancellation of [his insurance] policy.”[1] Because Tally failed to bring his claims within the three-year statute of limitations, his claims are time-barred. We reverse the circuit court’s denial of McMorris’s motion for summary judgment and we render judgment in his favor.
FACTS AND PROCEDURAL HISTORY
¶ 2. In January 2006, Joe Tally purchased a one-year farmers and ranchers occurrence-based liability policy with American Reliable Insurance Company through McMorris and his insurance agency, Taylorsville Insurance Agency. Less than two months into the policy, on March 23, 200'6, Dixie Speciality Insurance, one of American Reliable’s general agents, sent Tally a notice that it would not renew the policy. Tally claims that he never received this notice. Once his policy expired on January 29, 2007, Tally’s farm lacked any liability coverage.
*291 ¶ 3. On February 8, 2008, the Forten-berrys — while riding their motorcycle down a country highway — hit one of Joe Tally’s donkeys that had escaped from his farm. Within days of the accident, Tally called McMorris to report the accident and make a claim against his farm-liability policy. Several days later, McMorris informed Tally that his farm-liability policy had expired on January 29, 2007. Even though Tally was aware that he had purchased a one-year policy and that he had not paid any premium for a renewal, he claims he was unaware he was uninsured until the accident in February 2008.
¶ 4. In the aftermath of the accident, on March 19, 2008, Tally sent McMorris a demand letter stating that he now knew his farm-liability policy had expired, but that he expected McMorris’s agency would “take care of this matter.” McMorris’s agency and American Reliable both refused to provide coverage for the accident or to take responsibility for the claim.
¶ 5. On January 5, 2009, the Fortenber-rys sued Tally for injuries sustained in the accident with Tally’s donkey. On November 16, 2011, the trial court granted Tally leave to file a third-party complaint against McMorris and American Reliable. And on January 3, 2012, Tally finally asserted his claims against McMorris and American Reliable.
¶ 6. In his third-party complaint, Tally requested: (1) a declaration that American Reliable provided coverage for the accident and that McMorris breached his standard of care by not notifying Tally that his policy would not be renewed; (2) damages caused by McMorris’s failure to notify Tally that the policy was not renewed; and (3) an injunction against American Reliable and McMorris requiring them to provide a defense and coverage for the accident.
¶ 7. Both McMorris and American Reliable denied Tally’s claims and both later requested that Tally’s claims be severed. After conducting discovery, both filed motions for summary judgment. McMorris argued that Tally’s claims were barred by the general three-year statute of limitations.[2] American Reliable also argued that Tally’s claims were time-barred and that Tally was presumed to have received notice that his policy was not renewed.
¶ 8. After the trial court denied both motions for summary, judgment, we granted both parties permission to file interlocutory appeals. Once the appeals were lodged in this Court, we granted a joint motion to dismiss American Reliable from the case, leaving McMorris as the lone defendant.
ANALYSIS
¶ 9. The sole issue before this Court is whether Tally’s claims against his insurance agent McMorris are barred by Mississippi’s three-year statute of limitations.[3] We review de novo,[4] a trial court’s decision to grant or deny a motion for summary judgment based on the statute of limitations and as in all summary judgment cases, we view the facts in the light most favorable to the party opposing the motion.[5]
¶ 10. Both parties agree that Section 15-1-49 applies, but they disagree about *292 when the time began to run on Tally’s claims. Under Section 15-1-49, “[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.”[6] This Court has been clear that the statute of limitations begins to run when an insured — or uninsured, as the case may be— learns that there is a problem with an insurance policy, or that no insurance policy is in effect.[7]
¶ 11. In Oaks v. Sellers, we held that, once the uninsured claimed he was covered under a policy and his claim was denied, the statute of limitations began to run on any claim against his insurance agents for failure to procure necessary coverage.[8] We explained that when the claim of coverage was denied, this “placed [the uninsured] on notice of a possible problem with the procurement and understanding of the terms of his insurance policy,” and at this point, the statute of limitations began to run.[9] We flatly rejected the uninsured’s argument that the statute of limitations did not begin to run until he was charged with liability, which the uninsured labeled an “actual injury.” [10]
¶ 12. And in Bank of Commerce v. SouthGroup Insurance and Financial Services, LLC, we again held that knowledge of an insurance agent’s alleged misrepresentation was sufficient to start the statute of limitations running.[11] Once the plaintiff bank learned its insurance coverage was inadequate, the statute of limitations on claims against its insurance agent started ticking.[12]
¶ 13. In this case, Tally denies that he received the March 23, 2006, letter informing him that his policy would not be renewed. But it is undisputed that on March 19, 2008, he knew that his liability policy with American Reliable had expired, and that his farm was not covered by any liability policy. As soon as he learned that he had no liability coverage, he suffered a cognizable injury. Tally immediately could have filed suit seeking a declaratory judgment that he was covered by American Reliable and, if not, that McMorris would be liable for any damages, losses, and attorney fees that would have been covered under the policy.
¶ 14. It is noteworthy that, when Tally later sued McMorris, two of his claims were for declaratory and injunctive relief. The dissent focuses on Tally’s claim that McMorris breached a standard of care but overlooks the fact that Tally sought both declaratory and injunctive relief, which Tally could have sought long before the Fortenberrys sued him.
¶ 15. Under our precedent, the statute of limitations on an insured’s or uninsured’s claims against an insurance agent or company begin to run when the insured or uninsured learns there is a problem with the policy, or no coverage or policy at all.[13] It is undisputed that Tally *293 did not assert his claims until January 3, 2012, more than three years after he learned his agent had failed to procure a replacement policy. So Tally’s claims are, as a matter of law, time-barred and the trial court erred in not granting McMor-ris’s motion for summary judgment.
¶ 16. The dissent’s reliance on Bullard v. Guardian Life Insurance Company of America is misplaced.[14] In Bullard, this Court considered the timeliness of an insurance agent’s cross-claim against a life-insurance company for reputational harm.[15] When the agent filed his cross-claim, the agent and the life-insurance company were embroiled in litigation brought by a dissatisfied customer to whom the agent had sold a “vanishing premium” life-insurance policy.[16] Nearly ten years after the agent sold the policy, the insured learned that additional premium payments would be required.[17] The angry insureds sued both the agent and the company.[18]
¶ 17. After the agent was sued, he brought a cross-claim against the company because his reputation in the community had been tarnished after his customers sued him for selling a deceptive life-insurance policy.[19] This Court found that the agent’s cross-claim asserting reputational harm against the company did not accrue until the disaffected insureds sued him and the company.[20] Requiring the agent to bring his suit for reputational harm within three years of selling the policy would have required the agent “to presage” that his customers might later sue him for fraud when their policy premium did not vanish.[21]
¶ 18. Here, Tally did not have to “presage” claims for reputational harm. He clearly knew more than three years before filing suit that he had no coverage. And, unlike the reputational harm claim at issue in Bullard, Tally’s claims against American Reliable and his agent were ripe for adjudication as soon as he discovered he had no liability coverage.
CONCLUSION
¶ 19. Because the statute of limitations for Tally’s claims against McMorris began to run when Tally learned he had no coverage and wrote McMorris requesting assistance with the looming Fortenberry litigation, Tally’s claims are barred by Mississippi Code Section 15-1-49’s three-year statute of limitations. The trial court erred as a matter of law in not granting McMorris’s motion for summary judgment. We reverse the trial court’s denial of McMorris’s motion for summary judgment and we render summary judgment in McMorris’s favor.
¶ 20. REVERSED AND RENDERED.
WALLER, C.J., RANDOLPH, P.J., LAMAR, CHANDLER AND COLEMAN, JJ., CONCUR. KITCHENS, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J. PIERCE, J„ NOT PARTICIPATING.

. We are not asked to consider whether Mississippi recognizes a "standard of care” requiring an insurance agent to notify an insured when a policy is cancelled or to procure a replacement policy, or even whether such a claim sounds in tort or contract. Instead, the only issue before us is whether Tally brought his claims within the general three-year statute of limitations.

. See Miss Code. Ann. § 15-1-49 (Rev.2012).

. Id.

. Stringer v. Trapp, 30 So.3d 339, 341 (Miss.2010) (citing Wayne Gen. Hosp. v. Hayes, 868 So.2d 997, 1000 (Miss.2004)).

. Albert v. Scott’s Truck Plaza, Inc., 978 So.2d 1264, 1266 (Miss.2008) (citing Green v. Allendale Planting Co., 954 So.2d 1032, 1037 (Miss.2007)).

. Miss.Code Ann. § 15-1-49.

. Bank of Commerce v. SouthGroup Ins. & Fin. Servs., LLC, 73 So.3d 1106, 1110 (Miss.2011).

. Oaks v. Sellers, 953 So.2d 1077, 1083 (Miss.2007).

. Id. at 1084.

. Id. at 1083.

. Bank of Commerce, 73 So.3d at 1110.

. Id. at 1111.

. Bank of Commerce, 73 So.3d at 1110 ("This Court has made it clear ... that when an insured becomes aware or is put on notice by his insurance company that there is a possible problem with the insurance policy, the statute of limitations begins to run.”).

. Bullard v. Guardian Life Ins. Co. of Am., 941 So.2d 812 (Miss.2006).

. Id. at 813-14.

. Id. at 814.

. Id.

. Id.

. Id. at 814-15.

. Id. at 815.

. Id.